UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAQUAN DEVOTA HARRIS,

          *Plaintiff*,                                    **MEMORANDUM AND ORDER**
                                                                         19-CV-6844 (AMD) (LB)
         -against-

KIMBERLY FRASER; TD BANK,

          *Defendants*.
------------------------------------------------------------------x
**ANN M. DONNELLY,** United States District Judge:

On December 2, 2019, *pro se* plaintiff LaQuan D. Harris brought this action under 28 U.S.C. § 1331. (ECF No. 1.)[1] He claims that the defendants did not properly notarize a promissory note. (*Id.* at 4-5.) The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted solely for the purposes of this order. For the reasons that follow, the complaint is dismissed. The plaintiff is granted 30 days leave from the entry of this order to file an amended complaint.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).

---

[1]     The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

1

Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

Kimberly Fraser is the manager of a local branch of TD Bank located on Marcy Avenue in Brooklyn. (ECF No. 1 at 2.) The plaintiff seems to allege that the defendants "failed to follow protocol" when the plaintiff tried to have the bank notarize a promissory note worth six million dollars. The plaintiff claims he planned to use this promissory note to buy a house. (*Id.* at 6.) The plaintiff states that the defendants owe him six million dollars. (*Id.*)

Federal courts do not have jurisdiction over every kind of case. Federal jurisdiction exists only where the action presents a federal question, or where the parties are of diverse citizenship—meaning that they are citizens of different states—and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331-32. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To assert federal question jurisdiction—as the plaintiff has alleged here—the pleadings must set forth "a colorable

claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

The plaintiff brings this action under the Court's federal question jurisdiction, but his complaint does not raise any colorable claim with a basis in federal law. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 12 (2003) (the "well-pleaded-complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citation omitted). The complaint alleges that the defendants failed to follow protocol in notarizing a promissory note for plaintiff. (ECF No. 1 at 6). Even reading the *pro se* complaint liberally, the complaint does not raise a federal question under 28 U.S.C. § 1331.

The plaintiff does not invoke diversity jurisdiction and there is no allegation that the parties are of diverse citizenship. Additionally, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago,* 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Despite the plaintiff's claim that he is entitled to $6 million in damages, he fails to plead any plausible facts that suggest a 'reasonable probability' that he can recover that amount in this action to meet the statutory jurisdictional requirement. *See id.* at 1070 (holding that a plaintiff must also show that amount-in-controversy is nonspeculative in order to satisfy the statutory requirement). As a result, even under the most liberal construction, the plaintiff has not presented a valid basis for federal jurisdiction over his claims.

Moreover, the complaint does not describe the basis for the plaintiff's federal cause of action against the named defendants, or the defendants' direct involvement in the allegations set forth in the complaint. Thus, the complaint also fails to satisfy the requirements set out in Rule 8, which requires a plaintiff to provide a short, plain statement of his claim against each defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). A plaintiff must provide enough facts to allow the defendant to understand what the plaintiff is complaining about and whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 556.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court is reluctant to allow the plaintiff an opportunity to file an amended complaint because this is the sixth complaint the plaintiff has filed in this Court, and the second one against employees of a local bank branch. Four of the plaintiff's prior cases have been dismissed *sua sponte* and one has been transferred to another court.[2]

---

[2] *See Harris v. Scola*, No. 19-CV-5059 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Reynolds*, No. 19-CV-4818 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Giorgio et al.*, No. 19-CV-5714 (AMD) (LB) (dismissed on November 5, 2019 for lack of subject matter jurisdiction); *Harris v. Fuster et al.*, No. 18-CV-5896 (AMD) (LB) (transferred to the U.S. District Court for the Southern District of New York on Oct. 24, 2018) and *Harris v. Washington*, No. 18-CV-6376 (AMD) (LB) (dismissed on Nov. 15, 2018 for failure to comply with Rule 8 and for failure to state a claim).

Nevertheless, out of an abundance of caution, the plaintiff is granted 30 days from the entry of this order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). All proceedings are stayed for thirty days or until further order of the Court. If the plaintiff chooses to file an amended complaint, the complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure by stating the basis for federal jurisdiction and the factual allegations supporting the plaintiff's claims against each defendant. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. If the plaintiff fails to comply with this order within the time allowed or cure the deficiencies discussed herein, judgment will enter. I also caution the plaintiff that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       January 2, 2020